UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
<u>In</u> <u>re</u>                                         :   Chapter 11 Case No.
                                                            :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**               :   09 - 10691 (REG)
                                                            :
Debtors.                                                    :   (Jointly Administered)
                                                            :
------------------------------------------------------------x
                                                            :
**JOHN DeGROOTE SERVICES, LLC,**                            :
                                                            :
    Plaintiff                           :
                                                            :
vs.                                                         :   Adversary No. 10-3857 (REG)
                                                            :
**COMPUTEX, INC.,**                                         :
                                                            :
    Defendant.                          :
------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING
COMPLAINT FILED BY THE BEARINGPOINT, INC. LIQUIDATING TRUSTEE
AGAINST COMPUTEX, INC.**

Computex, Inc. ("***Computex***") and John DeGroote Services LLC (the "***Liquidating Trustee***"), the Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust (the "***Liquidating Trust***") on behalf of BearingPoint, Inc. ("***BearingPoint***" and, together with Computex, the Liquidating Trustee, and the Liquidating Trust, the "***Parties***"), respectfully submit this stipulation and agreed order (the "***Stipulation***").

**RECITALS**

A.    On February 18, 2009 (the "***Petition Date***"), BearingPoint and certain of its affiliated subsidiaries (collectively with BearingPoint, the "***Debtors***") filed voluntary petitions for relief under Title 11, United States Code (the "***Bankruptcy Code***") in the United States

Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), jointly administered under Case No. 09-10691 (REG).

B.  By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "**Plan**").  The Plan has become effective by its terms.

C.  Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("**Trust Agreement**").  Pursuant to the Trust Agreement and the Plan, John DeGroote Services, LLC was appointed Liquidating Trustee of the Liquidating Trust.  Pursuant to Article 5.7 of the Plan, the Debtors' avoidance actions under Chapter 5 of the Bankruptcy Code were transferred to the Liquidating Trust.  Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Trustee is authorized to enforce, prosecute, settle or compromise any and all such claims.  Accordingly, the Liquidating Trust owns, and the Liquidating Trustee is entitled to prosecute, the claims asserted in this lawsuit.

D.  On October 7, 2010, the Liquidating Trustee filed his *Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* against Computex (the "**Complaint**"), thereby commencing adversary proceeding number 10-03857 (REG) (the "**Adversary Proceeding**").  In the Complaint, the Liquidating Trustee alleges that, during the 90 days prior to the Petition Date, Computex received payments totaling $135,120.57, which the Liquidating Trustee claims constitute avoidable transfers under chapter 5 of the Bankruptcy Code (the "**90 Day Payments**").  Computex denies that the Liquidating Trustee is entitled to any recovery on the claims alleged in the Complaint.

E. Based upon the Parties' negotiations, and as further described below, the Parties have agreed upon certain conditions and an amount payable by Computex to the Liquidating Trust that resolves the Complaint and serves as a global settlement as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that:

1. Each of the above recitals is incorporated herein as though they were fully set forth at length.

2. Computex shall pay to the Liquidating Trust a settlement payment of $47,500.00 within 10 business days after this Stipulation is approved by the Court and it becomes a final, non-appealable order (the "***Settlement Payment***").

3. Except for the rights specifically enumerated herein, Computex and its assigns, agents, and transferees, forever release and discharge the Debtors, the Liquidating Trust, the Liquidating Trustee, their estates, and their heirs, agents, directors, officers, employees, and managers (collectively, the "***BearingPoint Released Parties***") from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on, prior to, or after the date of this Agreement specifically relating to or arising out of the 90 Day Payments, that Computex now has or may have had, or thereafter claims to have on behalf of itself, or any other person or entity.

4. Upon the Liquidating Trustee's receipt of the Settlement Payment, the Liquidating Trustee shall dismiss the Adversary Proceeding with prejudice, and the Liquidating Trustee and the Liquidating Trust shall be prohibited from bringing any future proceedings specifically relating to or arising out of the 90 Day Payments, or any other action under Chapter 5 of the Bankruptcy Code related thereto, against Computex, its parents, subsidiaries, affiliates and each of their respective assigns, heirs, agents, directors, officers, employees, managers, and transferees (collectively, the "***Computex Released Parties***"), except in the event Computex breaches this Agreement.

5. Upon the Liquidating Trustee's receipt of the Settlement Payment, and except for the rights specifically enumerated herein, the Liquidating Trust and the Liquidating Trustee and their assigns, agents, and transferees, and any BearingPoint Released Party claiming by and thru BearingPoint, forever release and discharge the Computex Released Parties and each of their respective agents, officers, directors employees, mangers, affiliates, and transferees and legal representatives from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, including without limitation any claim under 11 U.S.C. § 547, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on, prior to, or after the date of this Agreement specifically relating to or arising out of the 90 Day Payments or any other action under Chapter 5 of the Bankruptcy Code related thereto, that the Liquidating Trust or the Liquidating Trustee now have or may have had, or thereafter claims to have on behalf of each of them respectively, or any other person or entity.

6. This Stipulation shall not be construed as an admission by any of the Parties of fault, liability, or any acts of wrongdoing, or the violation of any international, federal, state, or local law, ordinance or regulation, nor shall it be considered as evidence of any such alleged fault, liability, wrongdoing, or violation of any international, federal, state or local law, ordinance or regulation. The Parties each completely deny any fault, wrongdoing or liability, and affirm that their reason for entering into this Stipulation was to avoid the cost and inconvenience of further litigation.

7. Each Party shall bear all attorneys' fees and costs incurred by such Party in connection with the Adversary Proceeding and this Stipulation.

8. This Stipulation shall be governed, in all respects, by the laws of the State of New York, irrespective of its choice of law rules.

9. Each of the Parties hereby expressly represents and warrants that it has the requisite power, authority, and legal capacity to enter into and execute this Stipulation and to bind the Parties. The Liquidating Trustee warrants that the Liquidating Trust owns all claims and causes of action of the Debtors against Computex that are being released herein and all claims and causes of action asserted by the Liquidating Trustee or the Liquidating Trust in the Adversary Proceeding.

10. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

11. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party hereto unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.

12. This Stipulation may be executed in any number of counterparts, and all such counterparts, taken together, shall be deemed to constitute one and the same instrument.

13. The Parties acknowledge that this Stipulation is the joint work product of all of Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

14. The Parties agree that any and all disputes arising out of or otherwise relating to this Stipulation shall be brought in the Bankruptcy Court.

15. This Stipulation shall be binding on the Parties from the date of its execution by the last of the Parties.

**John DeGroote Services LLC,**
**Liquidating**
**Trustee To the BearingPoint, Inc.**
**Liquidating Trust**
By: /s/ John DeGroote

Printed Name: John DeGroote

Title: President

Date: February 25, 2011

**Computex, Inc.**

By: /s/ Jason M. Haffar

Printed Name: Jason M. Haffar

Title: Chief Financial Officer

Date: March 3, 2011

**APPROVED AS TO FORM AND SUBSTANCE:**

By: /s/ Basil Umari            By: /s/ Stephen Loden
     Basil A. Umari                      Stephen Loden
MCKOOL SMITH P.C.           DIAMOND MCCARTHY
*Attorneys for Liquidating Trustee*     *Attorney for Computex Inc.*

IT IS SO ORDERED.

Dated: New York, New York
        March **21**, 2011

                               *s/ Robert E. Gerber*
                               UNITED STATES BANKRUPTCY JUDGE